IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDAL ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV06-49-S-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| TOM BEAUCLAIR, OLIVIA CRAVEN, | ) | |
| ROBIN SANDY, BUD BRINEGAR, ANNE | ) | |
| JANE DRESSEN, WES GREER, KEN | ) | |
| BENNETT, and CHERYL FIGURSKI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this prisoner civil rights case is Plaintiff's Motion for Summary Judgment (Docket No. 31). The Motion is now fully briefed, and the Court concludes that oral argument is unnecessary and would unduly delay resolution of this case. Having reviewed the record and having considered the arguments of the parties, the Court enters the following Order.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A.      Procedural Background

Plaintiff is an Idaho Department of Correction (IDOC) inmate who was housed at the South Idaho State Correctional Institution (SICI). At sentencing, the state court had recommended that Plaintiff attend a therapeutic community or "RSAT" program during

MEMORANDUM DECISION AND ORDER 1

his incarceration. Plaintiff's "recommended case plan" developed by the prison required him to complete a drug or alcohol therapeutic community program. The only alcohol treatment component of the therapeutic community program available at the time was the Alcoholics Anonymous (AA)/Narcotics Anonymous (NA) 12-Step program. Plaintiff alleges that when he refused to participate in the AA/NA program, Defendants denied him parole and retaliated against him, in violation of his constitutional rights.

The Court previously granted declaratory relief to Plaintiff on his Establishment Clause claim, finding and concluding that Plaintiff's First Amendment rights were violated when Defendants required him to attend a religiously-based prison rehabilitation program prior to considering his eligibility for parole after he informed them of his refusal to attend the program on religious grounds.[1] The Court previously ordered the parties to brief the issue of whether monetary damages for a parole claim are available in a civil rights action after *Wilkinson v. Dotson* on Plaintiff's Establishment Clause claim. Defendants state that they have presented their briefing to Plaintiff, and the parties have agreed to attend a settlement conference with Judge Boyle on the issue of damages on the Establishment Clause claim.

The Court also determined on summary judgment that Plaintiff was entitled to a new parole hearing. Plaintiff was granted a new hearing and has since been released on

---

[1] The Ninth Circuit recently determined that, as early as 2001, the law was clearly established that coerced participation in AA/NA was unconstitutional based on the Establishment Clause. See *Inouye v. Kemna*, 504 F.3d 705 (9th Cir. 2007).

MEMORANDUM DECISION AND ORDER  2

parole.

The Court also granted summary judgment in favor of Defendants Craven, Sandy, Brinegar, and Dressen of the Idaho Parole Commission on absolute immunity grounds regarding Plaintiff's claims for monetary damages.  In addition, Plaintiff's claim for prospective injunctive relief has been mooted by his new parole hearing and release on parole.

Plaintiff now asserts entitlement to summary judgment on liability for the remaining retaliation claims against Defendants Greer, Figurski, Bennett, and Beauclair in their individual capacities.  The Court now considers Plaintiff's Motion for Summary Judgment (Docket No. 31).

**B.     Standard of Law Governing Summary Judgment Motions**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317,

MEMORANDUM DECISION AND ORDER  3

322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. at 252.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

MEMORANDUM DECISION AND ORDER  4

**C.     Discussion**

   1.     <u>Defendant Wes Greer</u>

On April 14, 2005, Plaintiff had an interview with Defendant Wes Greer, a parole hearing officer, to determine Plaintiff's suitability for parole.  It is undisputed that during the interview, Plaintiff told Greer that he objected to the therapeutic community program on religious grounds.  Plaintiff alleges that Greer reacted angrily to Plaintiff's refusal and allegedly forged Plaintiff's initials on a Parole Refusal Form.  Plaintiff alleges that Greer punished him for exercising his constitutional rights by giving him a Disciplinary Offense Report (DOR) and having him placed in solitary confinement.  *Plaintiff's Affidavit*, ¶¶ 5-6 (Docket No. 31-4).

Greer, on the other hand, alleges that during the meeting Plaintiff "went berserk," threw his papers at Greer, and acted in a manner that was "uncooperative, disrespectful, belligerent, and combative."  *Wes Greer Affidavit*, ¶¶ 16, 21, & 24 (Docket No. 32-3).  Greer alleges that he called Correctional Officer Varela to witness Plaintiff's attitude.  *See Exhibit C to Complaint, Disciplinary Offense Report* (Docket No. 3, p.21).  Greer alleges that he issued Plaintiff a DOR as a result of "his behavior during the interview," citing him for an "act that disrupts, provokes, or districts staff from performance of their duties"; Greer specifically alleges that he "did not issue the DOR for Armstrong's failure or refusal to attend AA/NA or his assertion of his constitutional rights."  *Greer Affidavit*, ¶¶ 25 & 29.

A retaliation claim must allege the following: "(1) An assertion that a state actor

MEMORANDUM DECISION AND ORDER  5

took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A "chilling effect on First Amendment rights" is enough to state an injury.  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).  If Greer shows at trial that the DOR was issued for a legitimate correctional goal, to punish the act of throwing papers and being disruptive, then Plaintiff's claim is defeated.  Because there is a genuine issue of material fact, Greer is entitled to present his defense to a jury, and Plaintiff is not entitled to summary judgment.

    2.    <u>Defendant Cheryl Figurski</u>

Defendant Cheryl Figurski, the Human Services Supervisor for SICI, was the person in charge of determining Plaintiff's housing placement after he was placed in segregation.  She alleges that on November 9, 2004, well prior to Wes Greer's meeting with Plaintiff about parole eligibility, she met with Plaintiff to talk to him about his willingness to participate in the Parole Release Center (PRC) Therapeutic Community (TC).  Her notes reflect that he expressed reluctance about participating, "stating that his crime was only a traffic offense," but that he also stated "that he would go to the PRC TC intake interview when called but it was up to them to accept him."  *Cheryl Figurski Affidavit*, ¶ 7 (Docket No. 32-4).  Her notes from that date do not reflect a discussion about AA/NA or his constitutional rights, but she has no independent recollection of the meeting.  *Id.*, ¶¶ 6 & 8.

MEMORANDUM DECISION AND ORDER  6

On March 28, 2005, Figurski met with Plaintiff again.  At that meeting, he stated that "he wants nothing to do with a 12-step program."  *Id.*, ¶ 9.  Plaintiff alleges that Figurski then stated that if he refused to sign up for the program, he would be denied a parole date.  *Exhibit A to Complaint* (Docket No. 3, p. 14).  Figurski disputes that she would have said this, knowing that she was "not an agent for the parole commission nor did [she] have any authority to bind them."  *Figurski Affidavit*, ¶ ¶ 11-12.

Plaintiff alleges that Figurski punished Plaintiff with a loss of privileges for exercising his First Amendment rights.  *Complaint*, p. 8 (Docket No. 3).  It is undisputed that there was not a substitute program for the AA/NA portion of the overall program when he voiced his constitutional concerns in April through June of 2005. *See Ken Bennett Affidavit*, ¶¶ 25-30 (Docket No. 32-5); *Exhibit B to Complaint, IDOC Letter of December 21, 2005, Adding Secular Addiction Programs* (Docket No. 3, p. 15).[2] However, Figurski disputes that she reclassified Plaintiff to retaliate against him for exercising his right not to attend a religious-based rehabilitation program.  Rather, she alleges that her job was not to assess inmates' constitutional concerns, but simply to reclassify then if they were a "non-programmer," and that he had refused to participate in *any* aspect of the recommended programming since he arrived at prison, not just the AA/NA portion of the therapeutic community program.  *Figurski Affidavit*, ¶¶ 14-17.  She

---

[2] Figurski's allegation that her approving Plaintiff for two classification points for refusing to attend programming would not have affected his classification level, as it was already in the medium-custody range, would go to whether Plaintiff is entitled to damages if Figurski were found liable, rather than whether Figurski's actions were retaliatory.

MEMORANDUM DECISION AND ORDER  7

alleges that she found it significant that he exhibited an overall refusal to attend programming. *Id*., ¶¶ 10, 15 & 18.

There is a genuine issue of material fact whether Defendant Figurski has a plausible legitimate reason and lack of retaliatory motive for issuing classification points, namely, Plaintiff's failure to engage in *any* programming since entering prison because he felt that his crime was the equivalent of a "traffic offense." *Id*., ¶ 7. Because a jury could find in Figurski's favor, Plaintiff's Motion for Summary Judgment against Defendant Figurski is denied.

      3.      <u>Defendant Warden Bennett</u>

Plaintiff alleges that Defendant Ken Bennett, then the warden of SICI where Plaintiff was housed, instituted a retaliatory policy of punishing inmates who did not follow their case plans, including case plans based on the therapeutic community that required completion of the religious-based AA program. *See McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) ("Policy or custom may be inferred if, after the [alleged incident], the prison officials took no steps to reprimand or discharge the guards, or if they otherwise failed to admit the guards' conduct was in error."). Plaintiff also specifically alleges that Bennett failed to correct or stop the violation of Plaintiff's First Amendment rights when Plaintiff made him aware of the violations. *Plaintiff's Statement of Facts*, p. 5 (Docket No. 31-3).

Bennett alleges that "as Warden, [his] overriding concern and responsibility was for the safety, security and order for inmates and department personnel within this

MEMORANDUM DECISION AND ORDER  8

correctional facility." *Ken Bennett Affidavit*, ¶ 9 (Docket No. 32-5). He additionally states that he did not affirm Plaintiff's DOR out of retaliation, but that "[d]isruptive behavior is not tolerated, regardless of the proffered reason[;] [where] factual disrespect, disruptive behavior or challenge to authority is found, the DOR will be affirmed." *Id.*, ¶¶ 10 & 33. Bennett further asserts that "[o]nce prison officials became aware of the complaints from offenders about attending AA/NA, discussions were held on how to address the issue and still offer a substance abuse treatment program as part of TC," and alleges that "[n]either my actions nor actions taken on my behalf are rooted in malice or callous indifference to constitutional rights which prisoners under my protection and custody are entitled." *Id.*, ¶¶ 28 & 32.

  Because there is a genuine issue of material fact as to whether Bennett instituted a retaliatory policy or retaliated against Plaintiff in this instance, Bennett is entitled to a jury trial. Plaintiff's Motion for Summary Judgment shall be denied on this claim.

MEMORANDUM DECISION AND ORDER  9

    4.    <u>Defendant Tom Beauclair</u>

Plaintiff alleges that after he complained to IDOC Director Tom Beauclair about the First Amendment violation, Beauclair did nothing to resolve the issue. While Beauclair admits he has no independent recollection of Plaintiff's particular case, Beauclair declares that "once [he] learned of the mandatory participation [in AA/NA], [he] directed it stopped and directed a secular program be made available as part of the TC program." *Tom Beauclair Affidavit*, ¶¶ 5 & 7.

Beauclair has reviewed Plaintiff's correspondence and states that "as Director, my overriding concern and responsibility was for the safety, security and order for inmates and department personnel," and, for that reason, "[s]o long as there was some evidence supporting the decision to issue a DOR to an inmate, [he] did not presume to 'second guess' the proper appellate channels." *Id*., ¶¶ 16-17. Beauclair declares that his refusal to overturn the DOR and reinstate Plaintiff to a lower custody level was not done in retaliation for Plaintiff exercising his First Amendment rights. *Id*., ¶ 20.

Here, again, there is a genuine issue of material fact as to whether Beauclair acted in retaliation in not correcting Plaintiff's particular situation, or whether he had a legitimate safety and security concern where the DOR appeared to have been written for disciplinary reasons. This is a jury question. As a result, the Motion for Summary Judgment shall be denied as to this claim.

**D.     Conclusion**

Plaintiff's claims for prospective injunctive relief on the official capacity claims are moot as a result of his new parole hearing and release on parole.  Plaintiff's claims for any past denial of parole are foreclosed by *Heck v. Humphrey* and *Wilkinson v. Dotson.*

The Court previously ordered the parties to brief the issue of whether monetary damages for a parole claim are available in a civil rights action after *Wilkinson v. Dotson* on Plaintiff's Establishment Clause claim.  Defendants have presented their briefing to Plaintiff, and the parties have agreed to attend a settlement conference with Judge Boyle on the remaining claims and the issue of damages.

The Court has determined that there are genuine issues of material fact on the retaliation claim against Greer, Figurski, Bennett, and Beauclair.  These issues require a determination of the credibility of Plaintiff and the credibility of each of the Defendants, something a Court cannot decide on summary judgment because it is a fact-finding process reserved for the jury.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248.  The parties shall next proceed to settlement conference with Judge Boyle or another magistrate judge.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 31) is DENIED.

IT IS FURTHER HEREBY ORDERED that the parties shall contact the Court's Alternative Dispute Resolution Director, Denise Asper, to set up a judicial settlement

MEMORANDUM DECISION AND ORDER  11

conference with Judge Boyle or another magistrate judge on the remaining claims. They may contact her by letter at 550 West Fort Street, Boise ID 83724, or by telephone at (208) 334-9067.

DATED: **March 27, 2008**

*[signature]*

~~Honora~~ble Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER  12